# EXHIBIT

# “B”

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ROSE MECHANICAL CORP.

Plaintiff,

-against-

88 WALL STREET LLC and THE WALL STREET HOTEL

Defendants.

Index No. 154528/2024

**COMPLAINT**

Plaintiff, ROSE MECHANICAL CORP., by its attorney Law Office of Scott J. Miller, PC, as and for its Complaint against the Defendants states:

1. At all times hereinafter mentioned, Plaintiff ROSE MECHANICAL CORP ("Rose") was and is a corporation, organized and existing under and pursuant to the laws of the State of New York, with offices for the transaction of business located at 1565 Ocean Avenue Bohemia, New York.

2. Upon information and belief, at all times hereinafter mentioned, Defendant 88 WALL STREET LLC was and is a Foreign Limited Liability Company organized and existing under the laws of the State of Delaware, authorized to do business in New York, with offices for the transaction of business located at 88 Wall Street, City, County and State of New York.

3. Upon information and belief, at all times hereinafter mentioned, Defendant THE WALL STREET HOTEL is an undefined entity and which was a party to the Contract (hereinafter described) with Plaintiff. Plaintiff reserves the right to claim that the individual signing the Contract on behalf of The Wall Street Hotel is individually liable for the amounts due and owing based on the individuals execution of the Contract either in his individual capacity or on behalf of such "entity." Upon information and belief, The Wall Street Hotel has offices for

the transaction of business located at 88 Wall Street, City, County and State of New York.

**AS AND FOR A FIRST CAUSE OF ACTION**
**Foreclosure of Mechanics Lien**

4. On or about February 1, 2023, Plaintiff Rose entered into an agreement ("Contract") in writing with Defendants 88 Wall Street LLC and/or The Wall Street Hotel pursuant to which Rose agreed to perform certain heating, ventilating, air conditioning and mechanical work for said Defendants and for the improvement of the Property ("Project") at the agreed price and reasonable value of Seventy-Two Thousand ($72,000.00) Dollars per year.

5. Plaintiff performed all of its obligations under the Contract, including extra work as directed, except as it may have been prevented from doing so by said Defendants.

6. The first item of work was performed and/or the first item of material was furnished on or about February 1, 2023, and the last item of work was performed and/or the last item of material was furnished on or about December 1, 2023.

7. The work, labor and services so performed by Plaintiff and materials supplied by Plaintiff were performed and furnished for the improvement of the Property hereinbefore described and were performed and furnished with the knowledge and consent of, and at the request of, said Defendants.

8. At the time of the filing of the lien hereinafter set forth, there was and still is justly due, owing and unpaid by Defendants to Rose, the sum of $35,835.07 for work performed and materials supplied.

9. On the 19th day of March 2024, and within the statutory time after the final performance of the work, Plaintiff filed in the Office of the Clerk of the County of New York, that being the County where the Property hereinbefore described is located, a notice of lien in writing, which notice did state and set forth the information required pursuant to the Lien Law.

10. The said notice of lien was duly docketed in the Clerk's office in the Lien Docket

kept for such purpose. The lien was duly served and an Affidavit of Service was duly prepared and timely filed in the office of the Clerk of the County of New York, all in accordance with the requirements of the Lien Law.

11. The said lien has not been paid, waived, canceled or discharged and no other action or proceeding at law or in equity, upon information and belief, has been brought to recover the claims of Plaintiff.

**AS AND FOR A SECOND CAUSE OF ACTION**
**Breach of Contract**

12. Plaintiff Rose repeats and realleges the allegations contained in Paragraphs 1 through 11 hereof as if the same were more fully set forth herein.

13. Defendants breached the contract with Rose by, among other things, failing to pay the amounts due thereunder.

14. As a result, Rose has been damaged in the amount of $35,835.07, for work performed and materials supplied, no part of which has been paid though duly demanded, and arising from said Defendants' breach of contract and Defendants are liable to Plaintiff Rose as a result, in the amount of $35,835.07.

**AS AND FOR A THIRD CAUSE OF ACTION**
**IMPLIED CONTRACT:**
**Unjust Enrichment**

15. Plaintiff Rose repeats and realleges the allegations contained in Paragraphs 1 through 14 hereof as if the same were more fully set forth herein.

16. Rose performed certain work for, and supplied certain materials to, Defendants with the knowledge and consent of the said Defendants and at the request of the said Defendants, for the improvement of the Property owned by Defendant 88 Wall Street LLC.

17. The said Defendants have failed to pay for the reasonable value thereof in the amount of $35,835.07.

18. As a result, Defendants have been unjustly enriched in an amount of $35,835.07 and are liable to Plaintiff therefor.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**Account Stated**

19. Plaintiff Rose repeats and realleges the allegations contained in Paragraphs 1 through 18 as if the same were more fully set forth herein.

20. During the time work was performed for Defendants and from time to time thereafter, Plaintiff sent to Defendants invoices and statements, which invoices and statements were received by Defendants and never rejected or disputed.

21. Accordingly, an account or accounts stated were created between Plaintiff and Defendants in the total amount of $35,835.07 and Defendants are liable therefor.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**Violation of Prompt Payment Act**

22. Plaintiff Rose repeats and realleges the allegations contained in Paragraphs 1 through 21 as if the same were more fully set forth herein.

23. Defendants failed to make payments to Plaintiff Rose as required by the New York State Prompt Payment Act.

24. As a result, Defendants are liable to Plaintiff in the total amount of $35,835.07.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. With respect to the First Cause of Action, that Plaintiff be adjudged to have a valid lien for the sum of $35,835.07 with interest thereon, together with the costs and disbursements of this action; that the equities of the parties to this action and the order and priority of any different liens be adjusted and determined and that it be adjudged that Plaintiff have a valid lien on said Property prior to the interest therein or lien thereof of any other party; that the interests of Defendant 88 Wall Street LLC in the Property be sold according to law and, that from the

proceeds of such sale, Plaintiff be paid the amount of its lien and interest thereon, together with the expenses of such sale and the costs of this action, and that Plaintiff have judgment against Defendants for any deficiency that may remain after such payment; that the Defendant 88 Wall Street LLC, and all persons claiming under or through it, be forever foreclosed of all right and equity of redemption or other interests in said Property; that, in case it be determined that Plaintiff does not have a valid and subsisting lien upon said Property, Plaintiff Rose have a personal judgment against Defendants 88 Wall Street LLC and The Wall Street Hotel jointly and severally, for the sum of $35,835.07 with interest thereon, together with such other and further relief as the Court may deem just and proper;

2. On the Second Cause of Action, that Plaintiff, be awarded a sum of $35,835.07 against Defendants 88 Wall Street LLC and The Wall Street Hotel;

3. On the Third Cause of Action, that Plaintiff, be awarded a sum of $35,835.07 against Defendants 88 Wall Street LLC and The Wall Street Hotel;

4. On the Fourth and Fifth Causes of Action, that Plaintiff, be awarded a sum of $35,835.07 against Defendants 88 Wall Street LLC and The Wall Street Hotel,

all together with interest, attorneys fees, costs and disbursements of this action and such other and further relief as the Court deems just and proper.

Dated: Buffalo, New York
June 20, 2024

Law Office of Scott Miller PC

by: ___________/s/________________

Robert J. Miletsky
Attorney for Plaintiff Rose Mechanical Corp
160 Howells Road. Suite 18
Bay Shore, New York 11706
646.256.7500